Good morning, Your Honors. May it please the Court, Anne Huang appearing on behalf of Appellate Henry Jones. The issue in this case is whether Henry Jones's undisputed serious mental illness, his undisputed borderline intellectual functioning, and his undisputed other mental impairments prevented him from being able to timely file, or properly file, his habeas petition on his own. I would submit that there is no significant dispute in the record that Mr. Jones was unable to personally prepare and properly file his habeas petition on his own. And this is the first part of the Bill's test, the second prong, which is whether or not the petitioner is able to prepare and effectuate filing, personally do that on their own. Let me ask you this. If we would accept your argument that his mental deficiencies require an equitable tolling, this is a serial filer in court, many. I mean, it's not that he doesn't know how to get there, he may not articulate it, but wouldn't our finding allow him then to equitably toll everything he files from now on? No, Your Honor. I think what the court has to look at is whether he understood how to file this habeas petition. And in the future, every court would have to look at what he understood as to this particular petition, whether he knew which form and which court to file it in. And the types of things that the court should look at is not just the number of filings, but the manner in which he was filing them and the circumstances in which he was able to file what he did. So, for example, the state has pointed to a federal 2255 habeas petition, indicating that that shows that he's able to file this petition. I would note, as we did, that that same year, in 2003, Mr. Jones was sending letters to the district court about this very case, the state case, saying, I got your address from somebody else. This is a habeas petition. I have these questions, but I don't know how to file. He's sending those two letters, and that's in the record at 582-584-1. What did the judge do? It never got to the judge. But it became part of the court record? It did not, because the clerk didn't accept it for filing, since it wasn't on the right form. It didn't clearly articulate what it was he was trying to do. It was sent back to him. And his response was, my case was heard in this court and that court. I want to be heard in your court, but tell me how I'm supposed to do it, because I have no counsel. And then he signs it, habeas corpus petition 18 U.S.C. 1915, or some number that has no bearing on what it's actually supposed to be. Counsel, I've got a practical question. So Bills v. Clark was decided after the district court had the case, right? That's correct. So the question in my mind is, should we be sending it back to the district court to apply Bills v. Clark in light of its prior findings or any other proceedings, or should we look at what the magistrate judge wrote about how nothing could have prevented him from filing and saying that doesn't meet the Bill's impossibility standard? In other words, what's the pro and con about whether we should remand this or not? I think at a minimum the court should remand it for several reasons. If the court looked at what the magistrate judge actually found, there is no finding by the magistrate court about what Mr. Jones could do on his own. What the magistrate did was he conflated what was actually filed, which is undisputed that many were filed with assistance. So what he did was he looked at everything that was filed to make an inference about whether or not he could have filed something else. So because there's no actual finding about what Mr. Jones did on his own versus with assistance, on that basis that question on the Bill's test was not answered by the magistrate judge. Now, there is an extensive record. This was a two-day evidentiary hearing. If the court wanted to look at whether the standard was met, there certainly is enough in the record that was the Bill standard was the standard that at least from our point we were trying to present evidence to meet. So, for example, we presented testimony from our expert and from Mr. Jones about what he could do on his own and what he could only do with assistance. So that is in the record. But I don't think the court can look at the magistrate judge's findings to see whether the Bill's test was actually answered because he never answered. Okay. Okay. Thank you. And I'd like to reserve the balance of my time for rebuttal. Thank you. Good morning. Deputy Attorney General Steve Otting on behalf of Warden Turner. I would like to address the Bills v. Clark decision, which was decided after we filed our brief in this matter. And specifically, I would like to address two points for purposes of today's argument. First, I would like to address appellate's arguments that there is no dispute as to prong 1A of Bills. And second of all, I'd like to address Judge Gould's question as to whether or not we should remand this matter. First, turning to the question under 1A, that there is no dispute, I would strongly disagree with this assertion. There is a dispute as to whether he can satisfy 1A and that – or, excuse me, 1B, and that is petitioner's mental state rendered him unable to personally file a habeas petition. We know that in 2003, he was able to file a 2255 petition challenging his federal bank robbery conviction. We know, furthermore, that not only did he file this, but he filed it without any assistance from anyone. It states on the very petition, he had no help with this petition. This Court would be faced with the awkward circumstance of finding that he is competent and able to personally file a 2255 petition, but unable to file a 2254 petition during this same time period. We contest that he has been able to satisfy the requirement under Bills that he was not personally able to file a petition. Turning then to Judge Gould's question as to whether or not we should remand this matter, appellant is simply mistaken that the R&R did not address this issue. I would refer the Court to page 31 to 32 of the R&R. That's at page 33 and 34 of the excerpt of record. There is a separate section specifically entitled Petitioner's Reliance on Other Inmates. In that section, the magistrate judge points out appellant Petitioner's statement that he was forced to rely on other petitioners, other inmates, in order to file his pleadings. The Court writes, this contention is not borne out by either the pleadings or Petitioner's testimony. Nevertheless, the Court entertains the notion that Petitioner was forced to rely on other inmates. The Court states, Petitioner does not explain how this reliance on other inmates prevented him from filing a petition in this court, particularly given the sheer volume of letters, complaints, and miscellaneous filings Petitioner managed to send off to multiple courts. If Petitioner required assistance for some or all of his filings, it is quite clear that Petitioner was successful in finding other inmates to help him. What distinguishes the incident case from Bills is that here we propounded interrogatories to Petitioner and we specifically asked him for each of the letters, complaints, administrative actions, state bar matters, habeas petitions, state and federal habeas petitions that you filed. Who helps you out with each of these letters and documents? He answered that although he had been transferred to five different institutions during this relevant time period, he was nevertheless able to find eight specified individuals who were able to help him out. And yet, notwithstanding his ability to find eight individuals, he was not able, he claims, to file the petition in the present matter. And that is simply not borne out. There is no reason to remand this matter. Unlike Bills, we have a record in this matter. We know what he was able to do. This Court does not need to send it back simply to have the magistrate judge reiterate what he has already written to us at pages 33 and 34 of the excursive record. Unless there are any further questions, I would submit. Thank you. There appear to be any. Thank you. Does that make any difference that he had eight people who have helped him in the past? Well, first of all, what he testified to is that he had four people that could look at the entire file. What he said was he couldn't trust people to show his entire case to, and this had to do with his paranoia and some of the other symptoms of his mental illness. But it matters as to the diligence prong. But importantly in this case, Mr. Jones was not asking for specific help, because he didn't know what it was that he had to file. So, for example, what he was asking for first was, I'm complaining about my trial lawyer. What can I do? He's given a bar complaint form. He fills that out. And then this is through the group ADI. Then they say to him, unprompted, you can also file a state habeas. So he goes to another inmate, asks for help for filling out that particular form. And then ADI tells him, we can also reopen your appeal. So he asks that same inmate, can you help me with this particular form? All of those questions have to do with the second prong of the Bill's test, which is his diligence. And to that issue, there hasn't been a dispute in the lower court at all. The first prong, though, of whether he can do it on his own, getting assistance or asking for assistance says nothing about what it is that Mr. Jones can do on his own. He can write a letter and write grievances. And that was undisputed. And that's actually what is in the interrogatory responses. The state is incorrect that the interrogatory responses indicate that he can do that on his own. In fact, the interrogatory responses say that all he can do is write a narrative. And he does that time and again because he doesn't know where to go or what to file. He wants to challenge his conviction, so he sends letters, can you help me, what do I do, I don't have a lawyer. And the only response that he gets back oftentimes is just some clerk filing that says, well, you didn't do this properly. So I think the state is conflating, as the district court did, the two separate inquiries, which is first, what can he do on his own, and then second, given his limitations, can he go and monitor and get help effectively in order to be able to file that. And going to my colleague's second or last point first, what I would say is with regard to the district court's findings for the issue of remand, it's not clear what exactly the district court found in terms of what Mr. Jones could do with or without assistance. The quote that the state is relying on specifically is about whether or not Petitioner has a capacity to understand the basic procedural rules. I think that's what the magistrate judge was saying was the contention that was not borne out by the pleadings. But even if that's true, that's only one part of the bill's test, whether or not he understood the need to timely file. That says nothing about the second part, which is can he then go forward and properly file and figure out how to effectuate that filing. So the quoted portion really doesn't answer the question of whether the bill's test has even been addressed. I think the state is only referring to one part of that quote, which is the reference to the need to rely on other inmates, but it's not clear from the magistrate judge's findings that that was a factual finding by the magistrate judge. All he says is this contention is not borne out by the pleadings, and I don't think that's clear enough for this Court. Do we have to have an evidentiary hearing every time that a Petitioner says, I'm late because I have a mental problem? Well, I think there has to be enough to justify the need for a hearing, but we are sort of beyond that. The magistrate did find that there was enough, and he specifically found that based on the Petitioner's filings in this case that didn't make sense. And the magistrate judge specifically appointed my office because it appeared to him that the Petitioner was incompetent. And so we're sort of beyond the point of whether the evidentiary hearing was needed because I think it was undisputed that he has a serious mental illness and he has these other impairments, which the magistrate judge I think erroneously characterized as an ignorance of the law. That we would submit as another error because we're going beyond just somebody who got the law wrong. We're going to somebody who has these cognitive impairments to be unable to do this on his own, to research and to figure these things out on his own. Counsel, would you agree that since there was a hearing and findings, that if we thought a remand to consider bills was correct, there would not have to be a further evidentiary hearing? Or do you think there are issues in bills that weren't at all addressed by the lengthy report and recommendations? I think that there potentially is additional evidence that the Petitioner could present, but I do think that this Court has enough in the record, if it wanted to make those findings, that it could. I don't know that there's anything else that the Attorney General would present. But I think more importantly, even though all of the evidence, or most of the evidence was presented as to the bill's questions, the magistrate judge did not make findings about the bill's standard. So that's why I think at a minimum a remand would be appropriate in this case because the most that can be said, I think, from the magistrate judge's findings is that he looked at the first question, which is whether the Petitioner was able to, or was he competent, and I think what the magistrate judge said was he's incompetent, whether he's incompetent to understand procedural rules. That's really just the first part of the first prong of the bill's test. The second part of that test is can he then personally on his own file the petition and effectuate the filing, and that was not at all addressed by the magistrate judge. Every time he looked at a filing that was done to make the inference that he could do it, there was no finding as to whether it was done on his own or whether he could. That's fine. I understand. Thank you. Thank you. You more than used your time. Thank you. Thank you. The case just argued is submitted for decision.
judges: McCuskey, Schroeder, Gould